# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

DANIEL PHILLIPS,

    Plaintiff,

v.                                            CASE NO. 4:10cv259-RH/WCS

BP PLC et al.,

    Defendants.

_____/

## ORDER DENYING MOTION TO REMAND AND
## CONFIRMING STAY OF FURTHER PROCEEDINGS

The plaintiff owns real property in Panama City Beach, Florida. He filed this action in Florida state court asserting that the value of his property declined as a result of the *Deepwater Horizon* oil spill. The defendants removed the case to this court. The plaintiff has moved to remand for lack of subject matter jurisdiction and has moved for sanctions under Federal Rule of Civil Procedure 11 based on the allegedly improper removal.

The motion to remand is before the court on the magistrate judge's report and recommendation, ECF No. 13, and the objections, ECF No. 18. I have reviewed *de novo* the issues raised by the objections.

The Outer Continental Shelf Lands Act grants a federal district court

subject-matter jurisdiction of a case or controversy "arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf." 43 U.S.C. § 1349(b)(1). When it exploded, the *Deepwater Horizon* was operating on the outer continental shelf. Its operations were part of the exploration for, and intended development and production of, continental-shelf oil. The plaintiff does not contend otherwise.

As a matter of plain English, § 1349(b)(1) provides federal jurisdiction over the plaintiff's claim, because the claim arises out of, and is connected with, the *Deepwater Horizon*'s oil-related operations on the continental shelf. That begins and ends the proper analysis of the jurisdictional issue as presented in this case.

To be sure, courts have addressed § 1349(b)(1) in other contexts and have not always approached the statute with perfect consistency. The magistrate judge's report analyzes the cases cited by the parties and amply demonstrates that they are fully consistent with the exercise of jurisdiction here. Moreover, if a court's approach to § 1349(b)(1) would defeat federal jurisdiction for a matter so plainly within the terms of the statute as this case, the proper conclusion would be that the approach is simply wrong—not that there is no federal jurisdiction over this case.

In sum, the motion to remand is unfounded. The plaintiff's motion for Rule 11 sanctions is even more clearly unfounded. This is so both because the

defendants had a good faith—indeed, a well founded—basis for removing the action, and because the plaintiff apparently failed to comply with the Rule 11 provision requiring 21 days' notice and an opportunity to cure before a *party* files a Rule 11 motion.

One other matter deserves mention. After the magistrate judge signed the report and recommendation, the plaintiff tendered a reply in support of the motion to remand. The magistrate judge struck it. Even if filed and considered, the reply would not have affected the report and recommendation or this order.

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 13, is ACCEPTED.

2. The plaintiff's motion to remand, ECF No. 8, is DENIED.

3. The plaintiff's motion for Rule 11 sanctions, ECF No. 16, is DENIED.

4. All further proceedings remain stayed under the magistrate judge's order of August 4, 2010, ECF No. 15.

SO ORDERED on August 17, 2010.

s/Robert L. Hinkle
United States District Judge
